MARK WINDSOR (No. 190589)
16 North Marengo Street, Suite 300
Pasadena, California 91101
Telephone (626) 792-6700
Facsimile (213) 232-3609
windsorlaw@gmail.com
Attorney for Defendant, Hayrapet Avetisyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 10-CR-00299-MMM |
| Plaintiff, | **DEFENDANT HAYRAPET AVETISYAN'S MOTION TO DISMISS THE INDICTMENT** |
| v. | |
| SAAK AVAKYANTS, et. al. | DATE: August 30, 2010<br>TIME: 1:15 PM |
| Defendants. | |

PLEASE TAKE NOTICE that Defendant, HAYRAPET AVETISYAN, by and through his counsel Mark Windsor, hereby moves this Court for an order dismissing the indictment in this case. This motion is based on the arguments below and upon such other items that may be presented to this Court before the hearing and at the hearing on this matter.

//

//

1

I.  INTRODUCTION

The government has charged Mr. Avetisyan with several counts, including conspiracy to illegally transport hazardous materials, in violation of 18 U.S.C. § 371, and illegal transportation of hazardous materials, in violation of 49 U.S.C. § 5124.

The government alleges the following facts related to these charges: The lead co-defendant in this case, Saak Avakyants, installed modified gas tanks on small passenger and utility vans.  Mr. Avakyants directed other co-defendants, including Mr. Avetisyan, to drive these vans to gas stations to purchase gasoline with counterfeit credit cards and fill the modified tanks.  The co-defendants then were directed to drive to other gas stations where the co-defendants unloaded the gasoline and Mr. Avakyants sold it for a reduced price.

Overt Acts 15, 18, and 19 of Count One of the indictment allege that Mr. Avetisyan drove a van on December 8, 2009 to gas stations in North Hollywood, California and filled the modified tank.  Mr. Avetisyan then allegedly drove from a station in Sherman Oaks, California to a station in Burbank, California to unload the gasoline in the modified tank.  Count Nineteen of the indictment also alleges that Mr. Avetisyan and Mr. Avakyants illegally transported the gasoline on December 8, 2009 from the gas station in Sherman Oaks, California to the gas station in Burbank, California.  Mr. Avetisyan requests that the Court partially dismiss Count One of the indictment and dismiss Count Nineteen of the indictment where the indictment fails to allege that Mr. Avetisyan violated section 5124 of the Hazardous Materials Transportation Act ("HMTA"), and because the statute does not apply to the conduct that

has been alleged.

## II.   ANALYSIS

A defendant may raise a motion alleging that the indictment fails to state an offense at any time while the case is pending. Fed. R. Crim. P. 12(b)(3)(B). The indictment must be a written statement of the essential facts constituting the offense charged. Fed. R. Crim. P. 7(c)(1). While mere error in a citation or a citation's omission in the indictment is not sufficient grounds for dismissal, Fed. R. Crim. P. 7(c)(3), an indictment that is completely missing an essential element of the crime generally contains a fatal mistake. *United States v. Du Bo*, 186 F.3d 1177, 1180 (9th Cir. 1999). The essential purpose of the indictment is to put the defendant on notice of the charges against him so that he can adequately defend or plead his case. *United States v. Fleming*, 215 F.3d 930, 935 (9th Cir. 2000); *United States v. Sutcliffe*, 505 F.3d 944, 961 (9th Cir. 2007). Where an indictment fails to sufficiently apprise the defendant of what he must be prepared to meet, the court may dismiss that indictment. *United States v. Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001). The defect may not be cured by amendment or through jury instructions. *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979). The prosecutor and the court may not make a subsequent guess as to what was in the minds of the grand jury at the time that they returned the indictment without jeopardizing a defendant's right to indictment by grand jury under the Fifth Amendment. U.S. Const., Amend V; *Keith*, 605 F.2d at 464.

//

//

Case 2:10-cr-00299-MMM Document 88 Filed 08/09/10 Page 4 of 7 Page ID #:535

### A. THE INDICTMENT ALLEGES THAT MR. AVETISYAN VIOLATED HTMA REGULATIONS BY TRANSPORTING GASOLINE IN A MOTOR VEHICLE, MORE SPECIFICALLY A PASSENGER VAN.

Count One of the indictment in this case alleges in part that the Mr. Avetisyan and his co-defendants conspired "to willfully and recklessly violate regulations promulgated under the HMTA prohibiting the transportation of hazardous materials in a *motor vehicle* that was not placarded." (Docket Entry No. 35, at 3). Defendant Saak Avakyants "modif[ied] motor vehicles, *namely vans*, so that such vans would contain a concealed gasoline storage tank." (Docket Entry No. 35, at 3) (emphasis added). Furthermore, Count Nineteen alleges that Mr. Avetisyan and Mr. Avakyants transported gasoline "in a *van* that did not have placards identifying the material as 'flammable' or 'flammable gas'." (Docket Entry No. 35, at 12) (emphasis added). The indictment does not specifically allege how many gallons of gasoline total each defendant transported.

Section 5124 of the HMTA criminalizes a willful or reckless violation of a regulation under the Act. 49 U.S.C. § 5124. The government alleges that Mr. Avetisyan violated regulations 172.504 and 172.542 of the HMTA when transporting the gasoline from a gas station where the gas was pumped to a gas station where the gas was dumped. Regulation 172.504 states:

> [E]ach bulk packaging, freight container, unit load device, transport vehicle or rail car containing any quantity of a hazardous material must be placarded on each side and each end with the type of placards specified in Tables 1 and 2 of this section . . .

49 C.F.R. § 172.504(a). Table 2 of the section lists flammable materials as one of the

4

hazardous materials that requires placards when being transported. 49 C.F.R. § 172.504(e). The regulation cross-references Regulations 172. 532 and 172.542 which provide images of the placards that must be displayed when transporting flammable materials. 49 C.F.R. §§ 172.532, 172.542. Mr. Avetisyan allegedly violated Regulation 172.504 by failing to display placards on the passenger van that he used to transport the gasoline.

### B. COUNT ONE MAY BE PARTIALLY DISMISSED AND COUNT NINETEEN MAY BE DISMISSED WHERE THE INDICTMENT FAILS TO ALLEGE THAT MR. AVETISYAN TRANSPORTED THE GASOLINE IN BULK PACKAGING OR A TRANSPORT VEHICLE.

The placard requirements of Regulation 172.504 do not apply to the type of vehicle that Mr. Avetisyan used to transport the gasoline. A plain reading of the regulation supports this conclusion. The regulation explicitly lists the types of vehicles and containers that must have placards when transporting gasoline, including "bulk packaging, freight container, unit load device, transport vehicle or rail car." 49 C.F.R. § 172.504(a). This list does not include either a motor vehicle or a passenger van of the type that the government alleges in its indictment. Had Congress or the Department of Transportation intended for the HMTA to apply to modified gas tanks in passenger motor vehicles, it would have stated so in Regulation 172.504. While it may be possible to equate a "motor vehicle" with a "transport vehicle," other hazardous materials regulations under the same chapter make a distinction. *See, e.g.*, 49 C.F.R. § 172.322 (distinguishing between the requirements for the display of marine pollutant placards on transport vehicles and motor vehicles); 49 C.F.R. § 172.516 (distinguishing the requirements for

the display of placards on transport vehicles and motor vehicles). Another regulation under the same chapter provides examples of a "transport vehicle" to include a "semi-trailer or freight container-on-chasis." 49 C.F.R. § 176.606. The passenger van in this case had a modified tank which could carry a limited amount of gas not on the scale of a cargo-carrying semi-trailer truck. As a result, none of these terms encompass the description of a motor vehicle or passenger van with a modified gas tank.

Furthermore, the modified gas tank alleged in the indictment is not "bulk packaging" under the regulation. The HMTA defines a "bulk packaging" as a receptacle, other than a vessel or barge, including a transport vehicle or freight container, in which hazardous materials are loaded with no intermediate form of containment and which has a maximum capacity greater than 450 liters, or 119 gallons, as a receptacle for liquid. 49 C.F.R. § 171.8. However, nowhere in the indictment does the government allege that the modified gas tank on the passenger van had a maximum capacity greater than 119 gallons. (Docket Entry No. 35). While the indictment does allege that Mr. Avetisyan made two separate purchases for $125.00 each on December 8, 2009, it does not allege how many gallons of gasoline these two purchases amounted to. (Docket Entry No. 35, at 6-7). Without specifically stating how large the van's modified gas tank was, the indictment fails to allege that the tank was a "bulk packaging" requiring placards under Regulation 172.504.

The Department of Transportation has already created regulations for the installation of modified gas tanks in passenger vehicles. *See, e.g.*, 49 C.F.R. § 571.301 (specifying standards for the integrity of motor vehicle fuel systems). These regulations

require structural barriers around gas tanks installed in motor vehicles to reduce the risk of deaths and injuries occurring from fires that result from fuel spillage during and after crashes. 49 C.F.R. § 571.301, S.2. This is exactly the type of risk that results from installing a modified gas tank in a passenger vehicle and driving that vehicle on the road. These regulations were created as part of the Federal Motor Vehicle Safety Standards under Chapter 301 of Title 49 and would not fall within the scope of section 5124 of the HMTA. 49 U.S.C. § 5124 (criminalizing the violation of regulations issued under Chapter 51 of Title 49). Since the Department of Transportation has already created regulations to provide for the safe transportation of gasoline in modified gas tanks, it is unlikely that the Department intended for the regulations of Hazardous Materials Transportation Act to also apply.

### III.   CONCLUSION

Ultimately, the government's indictment does not allege facts that show a violation of the HMTA's regulations giving rise to criminal conduct under 49 U.S.C. § 5142. Where the government fails to sufficiently allege a violation of regulations under the HMTA, the Court may dismiss in part Count One and dismiss Count Nineteen.

Respectfully submitted,

DATED:   AUGUST 9, 2010

_____/s/_____
MARK WINDSOR
Attorney for Hayrapet Avetisyan